# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TAYLOR PETERSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-588-JDK |
| TENANT TRACKER, INC. and EQUIFAX INFORMATION SERVICES, LLC, | § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS

Before the Court is Defendant Tenant Tracker, Inc.'s ("TTI") partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 10. Plaintiff Taylor Peterson filed his complaint on November 4, 2020, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* Defendant TTI moves to dismiss Plaintiff's FDCPA claims for failure to state a claim upon which relief can be granted. For the reasons explained below, TTI's motion to dismiss is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff asserts that an alleged debt owed by Plaintiff to "Apartments Plus Inc." was placed for collection with Defendant TTI in 2019. Docket No. 1 ¶¶ 34–35. At some point, TTI began voluntarily reporting this collection account to credit

1

reporting agencies, including Equifax. *Id.* ¶¶ 38–39. In July 2019, Plaintiff sent a letter to Equifax disputing the TTI collection account. *Id.* ¶¶ 41. After receiving no response, Plaintiff sent a similar dispute letter to Equifax in October 2019. *Id.* ¶ 47. In January 2020, Plaintiff received an updated Equifax credit report. *Id.* ¶ 53. The updated report still reported the TTI collection account without indicating that the account was disputed. *Id.* ¶¶ 55. The updated report also showed that TTI had updated the collection account on December 12, 2019. *Id.* ¶ 54.

Based on this alleged conduct, Plaintiff asserts FDCPA claims against TTI under 15 U.S.C. §§ 1692e, 1692d, and 1692f and an FCRA claim against TTI under 15 U.S.C. § 1681s-2(B).

## II. APPLICABLE LAW

Under Rule 12(b)(6), a party may seek dismissal for failure to state a claim upon which relief can be granted. "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Claims may also be dismissed if a plaintiff does not plead sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must "make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

In evaluating a Rule 12(b)(6) motion, the Court must "accept as true all well pleaded facts in the complaint." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

### III. ANALYSIS

TTI seeks dismissal of Plaintiff's claims for violations of §§ 1692e, 1692d, and 1692f of the FDCPA. The Court will address each claim in turn.

### A. Section 1692e Claim

The FDCPA "makes it unlawful for a debt collector to 'use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 456 (5th Cir. 2020) (quoting 15 U.S.C. § 1692e). Section 1692e lists several examples of "false, deceptive, or misleading" representations, including: "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

Here, Plaintiff alleges that TTI violated § 1692e by failing to include notice of his dispute when TTI voluntarily updated its collection account with Equifax in January 2020—after Plaintiff had disputed the debt to Equifax in July 2019 and October 2019.

TTI argues that once a consumer disputes an account through a credit reporting agency, the FCRA rather than the FDCPA governs the dispute. Docket

3

No. 16 at 2. But TTI cites no support for this argument. In fact, as another court has pointed out: "[FDCPA] § 1692e(8) does not mention [the FCRA], and compliance with [the] latter does not excuse noncompliance with the former." *Francisco v. Midland Funding, LLC*, No. 17 C 6872, 2019 WL 498936, at *5 (N.D. Ill. Feb. 8, 2019); *see also Evans v. Portfolio Recovers Assocs., LLC*, 889 F.3d 337, 348 (7th Cir. 2018) ("The FDCPA does not incorporate [FCRA] § 1681s-2 or say that its requirements apply to § 1692e(8)."). In other words, the FDCPA does not cease to apply merely because provisions of the FCRA may also apply.

Here, Plaintiff's complaint has adequately alleged that TTI violated § 1692e(8). Plaintiff alleges that TTI is a debt collector under the FDCPA.[1] Docket No. 1 ¶ 29. Plaintiff states that he notified Equifax that he disputed the TTI collections account by letter on July 23, 2019, and October 3, 2019. Docket No. 1 ¶¶ 41, 47. He alleges that Equifax—complying with its duty under the FCRA—reported these disputes to TTI. *Id.* ¶¶ 42–44, 48–50; *see also* 15 U.S.C. § 1681i(a)(2) (requiring a credit reporting agency to "notify the furnisher of the disputed information of the consumer's dispute within five business days of being notified by the consumer"). And Plaintiff alleges that TTI failed to indicate that the collection account was disputed when it voluntarily furnished updated account information to Equifax in January 2020. Because Plaintiff has plausibly alleged a claim under § 1692e(8), the Court **DENIES** TTI's motion to dismiss on this ground.

---

[1] TTI contends that it is not a debt collector under the FDCPA but concedes that the Court does not have proper evidence before it on TTI's present motion to make that determination. *See* Docket No. 16 at 2 n.1. Accordingly, that issue is not currently before the Court.

## B. Section 1692d Claim

Under § 1692d, the FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Like § 1692e, § 1692d provides a nonexhaustive list of prohibited conduct, including conduct such as threats of violence, profane language, threatening to publish a list of customers who refuse to pay debts, advertising sale of the debt as a means of coercion, and repeatedly and continuously calling a consumer.

Here, TTI's alleged actions do not rise to the level of harassing, oppressive, or abusive conduct. Plaintiff does not allege that TTI ever threatened him with violence, used profane language, repeatedly and continuously called him, or engaged in any of the other conduct listed in § 1692d. Rather, Plaintiff alleges that TTI failed to report his credit account as disputed to Equifax. "Such conduct is neither among, nor remotely similar to, the examples of harassing and abusive behavior listed in Section 1692d." *Krier v. United Revenue Corp.*, No. 3:19-cv-2954-G, 2020 WL 2065618, at *5 (N.D. Tex. Apr. 28, 2020); *see also McGinnis v. Dodeka, LLC*, No. 4:09-cv-334, 2010 WL 1856450, at *4 (E.D. Tex. May 7, 2010) (finding that certain potentially misleading conduct did not rise to the level of abuse or harassment contemplated by the statute). Because Plaintiff has failed to allege that TTI engaged in the type of harassing, oppressive, or abusive conduct required under § 1692d, Plaintiff has failed to state a claim. Accordingly, the Court **GRANTS** TTI's motion as to that claim and **DISMISSES** Count II of Plaintiff's complaint.

5

### C. Section 1692f Claim

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." This section also includes a nonexhaustive list of eight practices that constitute "unfair or unconscionable means," including practices such as collecting unauthorized interest, fees, or expenses; improperly handling postdated checks; deceitfully causing charges for communications; and using improper mailing techniques.

TTI argues that Plaintiff's § 1692f claim fails as a matter of law because he bases this claim on the same conduct that underlies Plaintiff's other FDCPA claims. Docket No. 10 at 6. Plaintiff responds that individual FDCPA sections are not mutually exclusive, and that certain conduct may violate multiple provisions of the FDCPA. Docket No. 13 at 9.

As with his § 1692d claim, Plaintiff does not allege that TTI engaged in any of the specific conduct listed in § 1692f. Rather, Plaintiff alleges TTI violated § 1692f based on the same conduct underlying his other FDCPA claims—that TTI failed to report his credit account as disputed to Equifax. But just as this conduct does not rise to the level of harassment, oppression, or abuse contemplated by § 1692d, it similarly does not rise to the level of unfairness or unconscionability contemplated by § 1692f. *See Darden v. Trans Union, LLC*, 2013 WL 12125739, at *3 (E.D. Tex. Oct. 28, 2013) (finding that the continued reporting of a disputed debt to credit reporting agencies is not unfair or unconscionable); *see also Thamathitikhun v. Bank of Am., N.A.*, No. 6:15-cv-390, 2016 WL 7734556, at *10 (E.D. Tex. Aug. 8, 2016) (finding that

the defendant did not violate § 1692f where the alleged conduct "fail[ed] to resemble any of the listed instances of misconduct set out in the statute").

Because Plaintiff has not alleged that TTI engaged in the type of unfair or unconscionable conduct required under § 1692f, Plaintiff has failed to state a claim. Accordingly, the Court **GRANTS** TTI's motion as to that claim and **DISMISSES** Count III of Plaintiff's complaint.

## IV. CONCLUSION

As explained above, Plaintiff plausibly states an FDCPA claim under § 1692e(8), but fails to state a claim under §§ 1692d and 1692f. Accordingly, the Court hereby **DENIES** TTI's motion to dismiss as to Plaintiff's § 1692e(8) claim and **GRANTS** TTI's motion as to Plaintiff's §1692d claim and § 1692f claim. Counts II and III of Plaintiff's complaint are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **17th** day of **May, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE