IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TAYLOR PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 6:20-cv-588-JDK |
| TENANT TRACKER, INC. and | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER GOVERNING PROCEEDINGS**

Pursuant to Federal Rules of Civil Procedure 16(b) & 26, the Court enters this Order to promote possible early settlement of this action and to facilitate entry of a Scheduling Order.[1]

**I.**

Pursuant to Rule 26(f), lead counsel for each party (or a designee attorney with appropriate authority) shall confer (the "Scheduling Conference") as soon as practicable, but in any event no later than **June 1, 2021**, and (1) consider the nature and basis for their claims and defenses; (2) discuss the possibilities for a prompt resolution of the case; (3) make or arrange for the disclosures required by Rule 26(a)(1) and the authorizations described in Local Rule CV-34; and (4) prepare the report described below. The Court recommends that this conference be in person, but

---

[1] Before the case management conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. The Local Rules are available on the Eastern District of Texas website (www.txed.uscourts.gov).

counsel may confer by telephone or video conference. An email "conference" is not permitted.

Based on the Scheduling Conference, the parties shall prepare and file a Report Regarding Contents of Scheduling Order ("Joint Report") and a proposed Scheduling Order on or before **June 14, 2021**.

## II.

The Joint Report shall include the following in separate numbered paragraphs (but NOT in a proposed Order format):

(1) A brief statement of the claims and defenses;

(2) The jurisdictional basis for the suit;

(3) The existence of any related cases and the appropriateness of consolidation;

(4) Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case;

(5) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;

(6) Whether document production should proceed by requests for production or mandatory disclosure;

(7) Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations;

(8) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

(9) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

(10) The suitability of the Court's proposed trial date (given below), a proposed trial date that may better suit the needs of the case (if applicable), estimated number of days required for trial, and whether a jury has been demanded;

(11) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(12) The parties' position on mediation or arbitration to resolve this litigation, including:

- Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;[2]

- The phase of the case when mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.);

- Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a U.S. Magistrate Judge;

(13) A status report on any settlement negotiations (but shall not disclose settlement figures);

(14) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

(15) Whether a conference with the Court is desired; and

(16) Any other matters relevant to the status and disposition of this case, including any other Orders the parties propose the Court should issue under Rules 16(b) and (c) and 26(c).

The filing of the Joint Report is mandatory. When submitting proposed dates to the Court, the parties should assume that the Court will enter the Scheduling Order within approximately one month from the date of the parties' Joint Report. All

---

[2] The Court strongly encourages mediation in most cases. Accordingly, the parties must provide specific reasons based on the facts of the case explaining why mediation is unnecessary or will not be helpful in this particular case. The Court will only excuse parties from mediating if the Court agrees that mediation would be futile.

3

parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views. In such a case, the Joint Report shall set forth each party's respective recommendation and a statement of why the parties disagree. The Joint Report shall also provide the names of any parties named in the case who did not participate in the conference.

### III.

Lead counsel for Plaintiff is responsible for initiating contact with opposing counsel to arrange the Scheduling Conference and to prepare the Joint Report and proposed Scheduling Order. Lead counsel for all parties are equally responsible for complying with this Order in a timely manner. At least one counsel for each party shall sign the Joint Report and proposed Scheduling Order prior to filing.

### IV.

Under Rule 16(b)(2), the Court is to enter a Scheduling Order "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," and therefore any request for an extension of time to file the Joint Report shall be denied, absent a showing of good cause.

The parties' proposed Scheduling Order should use the template available on Judge Kernodle's website and incorporate the following deadlines:

| Jury Selection and Trial | **May 16, 2022** |
|---|---|
| Dispositive and *Daubert* Motion Deadline | **January 18, 2022** |

While the template provides suggested deadlines, the parties are free to set other deadlines in the schedule as they believe will best fit the needs of this case. If the parties cannot agree on a schedule, the parties may submit their disputes by the above deadline.

If either party believes the above trial date or motions deadline does not fit the specific needs of this case, the party should state that in section 10 of the Joint Report, provide a suggested trial date—whether earlier or later than the Court's proposal, and provide an explanation for the proposed trial date.

V.

The Rule 16 Pretrial Conference is set for **June 28, 2021**, at **10:00 a.m.** at the William M. Steger Federal Building and United States Courthouse, 221 West Ferguson Street, Tyler, TX, 75702. Lead counsel for each party, or alternatively, counsel with authority to bind their respective clients, shall be present. The parties are directed to confer and be prepared to discuss the contents of the Joint Report. The Court will issue a Scheduling Order following the Rule 16 Pretrial Conference. The Court may cancel the Rule 16 Pretrial Conference depending on the needs of the case and the information contained in the Joint Report.

VI.

Unless this is an action exempted by Rule 26(a)(1)(E) or objection to disclosure is asserted at the Scheduling Conference, in good faith, as provided in Rule 26(a)(1)(C), the parties must make the disclosures described in Rule 26(a)(1) within fourteen days of the date in Paragraph I above.

## VII.

<u>Safeguarding Personal Information</u>:

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the Court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- Use only the last four digits for Social Security numbers;
- Use only the last four digits for financial account numbers;
- Use only the initials for names of minor children;
- Use only the year for dates of birth; and
- Use only the city and state for home addresses in criminal cases.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

<u>Settlement</u>:

Plaintiff's counsel shall immediately notify the Court upon settlement.

So **ORDERED** and **SIGNED** this **17th** day of **May, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

6